U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 2 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD C. ABSHIRE, III, <br>     Plaintiff | CIVIL ACTION <br> NO. 1:15-CV-2470 <br> Sec P |
| VERSUS | |
| CORRECTIONS CORPORATION OF <br> AMERICA <br>     Defendant | JUDGE TRIMBLE <br> MAGISTRATE JUDGE JOSEPH H.L. <br> PEREZ-MONTES |

<u>MEMORANDUM ORDER</u>

**REQUEST FOR STAY**

**IT IS ORDERED** that Plaintiff's Request for Stay is GRANTED IN PART and DENIED IN PART. To the extent that Plaintiff seeks an open-ended stay while he attempts negotiations for a settlement, the motion is DENIED. However, Plaintiff will be granted an additional 30 days to file objections to the Court's Report and Recommendation. Plaintiff must file objections ON OR BEFORE March 1, 2016.

**PETITION FOR WRIT OF MANDAMUS**

Plaintiff complains that he is being denied access to the legal library at Winnfield Correctional Center("WNC") which, as a result, hampers his ability to timely file an objection to the Court's Report and Recommendation. As such, he is requesting that this Court issue a Writ of Mandamus directing the warden at WNC to allow him access to the law library.

The writ of mandamus does not exist in federal court procedure. Fed.R.Civ.P. 81(b). However, under 28 U.S.C. § 1361, the

district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. Furthermore, "[t]he extraordinary remedy of mandamus [...] will issue only to compel the performance of a 'clear nondiscretionary duty.'" Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1998) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984). The Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 482 (3rd Cir. 1995).

In Bounds v. Smith, the Supreme Court expressed concern regarding "'the ability of an inmate to prepare a petition or complaint'." 430 U.S. 817, 828 n. 17 (1977). However, the Court has also made clear that the right of meaningful access to the courts requires only that an inmate not be impeded from commencing or prosecuting an action. Lewis v. Casey, 518 U.S. 343, 384 (1996). The state must provide a law library or legal assistance only during the pleading stage of a habeas corpus or civil rights action. See id. at 354-55. Otherwise, the petitioner would be prevented from addressing potential legal arguments that could allow him to obtain a possible vacation of his sentence, which could deny petitioner meaningful access to the Court. See Mitchell v. United States, 419 F.Supp. 2d 709, 712-13 (W.D. Pa. 2005)(where

Plaintiff sought access to a copy of 28 U.S.C § 2255 and accompanying annotations, rules, and forms in order to prepare a motion to vacate sentence pursuant to 28 U.S.C. § 2255). However, to make out a claim that his constitutional right of access to the courts has been violated, a plaintiff must demonstrate that his position as a litigant was prejudiced by his denial of access to the library or legal resources. See <u>Eason v. Thaler</u>, 73 F.3d 1322, 1328 (5th Cir. 1996).

Plaintiff's Motion fails to show that he has suffered actual injury from the alleged limitation on access to the law library at WNC. The requirement that prisons provide prisoner's access to a legal library or to legal assistance exists to ensure that the inmate can adequately present his claim to the Court, and in this case, the Plaintiff has adequately presented his claim. Habeas corpus petitions or civil rights complaints need only set forth facts giving rise to the cause of action and Plaintiff had access to the necessary research to frame his complaint. Plaintiff's prior pleadings show that he has both the knowledge of governing case law as well as familiarity with the facts of the case.

Thus, it is **ORDERED** THAT Plaintiff's Motion for a Writ of Mandamus is DENIED.

Alexandria, Louisiana, this 1st day of February, 2016.

HON. JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE