U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 15 2016

TONY R. MOORE CLERK
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD C. ABSHIRE III | CIVIL ACTION NO. 1:15-CV-02470 SECTION "P" |
| VERSUS | JUDGE TRIMBLE |
| CORRECTIONS CORPORATION OF AMERICA, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Clifford C. Abshire ("Abshire") on October 2, 2015 (Doc. 1) and amended on November 5, 2015 (Doc. 5). The named defendants are Corrections Corporation of America ("CCA") (former operator of Winn Correctional Center ("WCC") in Winnfield, Louisiana) and several WCC employees.

A Report and Recommendation issued on December 2, 2015 recommended dismissing the complaint (Doc. 10), to which Abshire objected (Doc. 16). A ruling has not been issued and Defendants have not been served.

Abshire filed a "Rule to Enforce Terms of Settlement" on February 25, 2016 (Doc. 17), and a "Request for leave to Supplement Record: Rule to Enforce Terms of Settlement" (Doc. 20). Abshire contends that settlement negotiations took place when defense counsel presented an offer and Abshire made a counter offer. Defense counsel wrote to Abshire on July 29, 2015 to inform him that he was waiting on the Assistant General Counsel for CCA to review his claim and determine whether there was further room for negotiation (Doc. 17-1). Abshire contends he wrote to Defense

Counsel on December 16, 2015, setting forth new terms for his counteroffer. Defense Counsel responded to Abshire's new terms in a letter dated December 21, 2015, by stating that he would not be able to get anyone released from prison (Doc. 17-1). Abshire wrote back on December 30, 2015 to withdraw that part of his counteroffer (Doc. 17-1). Abshire contends that Defense Counsel has not contacted Abshire again regarding his counteroffer.

Abshire further contends in his supplement (Doc. 20) that defense counsel agreed on July 3, 2015 to expunge certain disciplinary records from Abshire's file. Abshire contends a court order is necessary for the expungement.

Abshire asks this Court to enforce the terms of his counteroffer, except for the withdrawn portion, contending Defendants impliedly agreed to the remainder of Abshire's offer when defense counsel objected only to the condition concerning someone's release from prison and Abshire dropped that condition.

The purpose of a settlement agreement is to put an end to litigation, and the essential elements are: (1) mutual intention to end the litigation; and (2) reciprocal concessions of the parties in adjustment of their differences. Ruiz v. Allstate Ins. Co., 2007 WL 4259296, at *1 (E.D. La. 2007), aff'd, 295 Fed.Appx. 668 (5th Cir. 2008) (citing Rivett v. State Farm Fire and Casualty Co., 508 So.2d 1356, 1359 (La. 1987)). The burden upon the party asserting a settlement agreement is to prove a meeting of the minds by a preponderance of the evidence. C & C Inv. Properties, LLC v. Heritage Banking Grp., 2014 WL 4545923, at *2 (S.D. Miss. 2014)(citing Howard v. TotalFina E & P USA, Inc., 899 So.2d 882, 889 (Miss. 2005)). Settlement agreements are

contracts, so principles of state law applicable to contracts generally govern their construction and enforcement. C & C Inv. Properties, LLC, 2014 WL 4545923, at *2 (citing Lee v. Hunt, 631 F.2d 1171, 1174 (5th Cir. 1980)).

Defense counsel made it clear in his July 29, 2015 letter (Doc. 17-1) that he had to wait for CCA corporate counsel to approve a settlement on the terms of Abshire's counteroffer. Abshire has not shown that defense counsel had the authority to settle Abshire's claim on the terms of Abshire's counteroffer, that CCA agreed to Abshire's new terms, or that there was yet an agreement between Abshire and CCA for expungement of certain of Abshire's disciplinary records. The correspondence between defense counsel and Abshire does not establish that there was a "meeting of the minds" between Abshire and CCA.

Accordingly, Abshire's "Request for Leave to Supplement Record: Rule to Enforce Terms of Settlement" (Doc. 20) is GRANTED (the supplement is already filed). Abshire's "Rule to Enforce Terms of Settlement" (Doc. 17) is DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 15th day of March 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

3